GEORGE H. CLARK vs. CHARLES J. GREENE, Town Treasurer.

WASHINGTON—JUNE 21, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Taxation. Assessment of Separate Parcels.*

A tax not assessed in accordance with Gen. Laws cap. 45, § 4, providing that "taxes on real estate shall be assessed to the owners, and separate tracts or parcels shall be separately described and valued as far as practicable," is void, and if paid under protest may be recovered. In such case the question of practicability is one of fact, and the action of the assessors of taxes is subject to review by the court.

(2) *Taxation. Assessment of Separate Parcels.*

The fact that premises have always been occupied as one tract, while pertinent evidence on the question of separate valuation, is not in itself a defence upon the question of the legality of the assessment.

(3) *Taxation. Assessment of Separate Parcels.*

That land has always been assessed as one tract is no defence upon the question of the legality of the assessment, nor does it estop the owner from setting up such illegality.

ASSUMPSIT to recover a tax alleged to have been illegally assessed. The facts are fully stated in the opinion. Heard on demurrer to pleas, and demurrer sustained.

STINESS, C. J. The plaintiff sues to recover money paid to the town of Richmond for taxes on real estate, which he alleges were illegally assessed, because separate parcels of land of which he had given to the assessors a true and exact account were not separately described and valued as required by Gen. Laws cap. 45, § 4, which is : "Taxes on real estate shall be assessed to the owners, and separate tracts or parcels shall be separately described and valued as far as practicable."

The defendant pleads four special pleas, to which the plaintiff demurs.

(1) The first avers that the assessors did not assess the tracts separately, because " after examining said plaintiff's so-called account, and viewing the real estate therein mentioned and described, and after carefully investigating and considering

the whole subject-matter and weighing the evidence adduced, said board of assessors did then and there judicially find and decide that it was not practicable to separately describe and value said several alleged parcels of real estate."

The second plea is to the same effect, except that the finding therein set up is that the several parcels constituted but one tract.

In *Young* v. *Joslin*, 13 R. I. 675, it was held that the statutory provision was for the benefit of the tax-payer, and hence mandatory, and that a failure to comply with it rendered a tax void. *Evans* v. *Newell*, 18 R. I. 38, held that a description which does not identify the land assessed imposes no duty upon a tax-payer.

*Mowry* v. *Slatersville Mills*, 20 R. I. 94, is to the same effect; and in that case an assessment upon separate tracts not separately described was held to be invalid.

It is thus settled in this State that if a tax is not assessed in accordance with the requirements of the statute it is void; and, in *Dunnell* v. *Newell*, 15 R. I. 233, that an illegal tax paid under protest may be recovered.

Such being the law, it follows that the question in a case to recover back a tax paid, or, indeed, to collect one which has not been paid, is the simple question of fact whether the statute has been complied with. For example, it might be a matter for proof whether there was in fact one tract or several; or, if several, whether they are so independent as to admit, practically, of a separate valuation. A farm might lie on both sides of a road and have no value except for farming purposes. The parts could be separately described, but the buildings might be so placed that it would only be practicable to value the farm as a whole. In such cases the question of practicability would be one of fact.

The defendant's argument in support of the pleas is that as the statute implies a discretion on the part of the assessors, their finding is conclusive; that they are made the court to decide the matter without appeal. If this were so, there could be no remedy to one whose assessment was in fact contrary to the law. Under such a claim there could be no illegal assess-

ment, for the action of the assessors themselves would adjudicate its validity. True, the assessors must exercise their discretion in the first instance, but if it be not exercised in accordance with the provisions of the law, that which is illegal does not thereby become legal. It is not enough that assessors think they have followed, they must, in fact, have followed, the requirements of the statute. That, therefore, is the issue which is raised in such cases. Accordingly this question was passed upon by the court in the cases cited where the tax was held to be void; while in *Hopkins* v. *Young,* 15 R. I. 48, the court found that the separate description was sufficient, and that the tax was valid. In both classes of cases this court reviewed the action of the assessors as to the validity of the assessment.

Assessors are required by statute to post up notices in three public places, and this involves their discretion as to what are public places; but the exercise of such discretion is not final. In *Seabury* v. *Howland,* 15 R. I. 446, testimony upon this point was reviewed, with the decision that the notices were sufficiently posted. Consequently the court might have found that they were not sufficiently posted.

The fault of the pleas is that a finding by the assessors is set up instead of the fact. The statute says "as far as practicable," not as far as practicable in the judgment of the assessors. Hence the practicability of separate valuation is the fact in issue, but this issue is not raised by the pleas.

(2) The third plea is that these premises have always been occupied as one tract. This may be pertinent evidence on the question of separate valuation, but it presents no issue as to the legality of the tax.

(3) The fourth plea avers that the land has always been assessed as one tract. This clearly presents no defence. It may have been illegally assessed without objection, but that does not make this assessment legal nor estop the owner from setting up illegality in this assessment.

The demurrers to the pleas are sustained, and case remitted.

*A. J. Cushing,* for plaintiff.

*N. B. Lewis, and Peabody & Rathbun,* for defendant.